IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA                                                    PLAINTIFF

v.                              No. 4:15-cv-412-DPM

ALL SEASONS ROOFING INC                                              DEFENDANT

ORDER

In August 2012 a storm damaged part of the flat roof on USAble's downtown Little Rock building. All Seasons Roofing had replaced that part one year before. Within a week of the damage, USAble had a temporary covering installed, and several weeks later had a permanent replacement roof installed. It's unclear whether the whole roof or only part was replaced. Travelers covered the loss for USAble, stepped into USAble's shoes, and sued All Seasons. The roofer seeks judgment as a matter of law, arguing spoliation—that USAble destroyed the evidence All Seasons needs to defend the lawsuit.

All Seasons's motion for summary judgment is denied for two reasons. First, when taken most favorably to Travelers, the record shows genuine issues of material fact. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). It's

disputed whether All Seasons was contacted about the damage, or had an adequate opportunity to inspect, before the new roofing was installed some six or seven weeks later. USAble, of course, had to get its roof fixed. All Seasons says no one told it about the damage until after the permanent roof installation, but Travelers says All Seasons was repeatedly contacted before then. *Compare* № *18-3, with* № *22-1, 22-2 & 22-3.* Second, just as spoliation of evidence isn't a cause of action, *Goff v. Harold Ives Trucking Company, Inc.*, 342 Ark. 143, 150, 27 S.W.3d 387, 391 (2000), it isn't an affirmative defense. Spoliation is an evidentiary doctrine. *Sherman v. Rinchem Company Inc.*, 687 F.3d 996, 1006 (8th Cir. 2012). The doctrine can become a spear: If All Seasons showed that Travelers acted in bad faith by intentionally destroying evidence to suppress the truth, then the Court could impose sanctions, including dismissal. *Sherman*, 687 F.3d at 1006-07. But All Seasons hasn't shown bad faith, whether for this motion or, unless the record changes drastically, for instructional purposes at trial.

\* \* \*

All Seasons's motion for summary judgment, № *18*, is denied.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

9 September 2016